# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**CHEERAE STYLES ROBINTON,**

    Plaintiff,

vs.                     Case No. 5:21-CV-00079-TKW-MAF

**ANDREW M. SAUL,**
**Commissioner of Social Security,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This Cause comes before the Court upon *sua sponte* review of the record. Plaintiff, a non-prisoner represented by counsel, filed a complaint pursuant to 42 U.S.C. § 405(g) and 42 U.S.C § 1383(c)(3). ECF No. 1. For the reasons stated below, the case should be dismissed without prejudice for Plaintiff's failure to prosecute this case and failure to comply with court orders. The procedural history of this case warrants discussion.

**I.  Relevant Procedural History**

Plaintiff initiated this case on April 6, 2021, by submitting a complaint against the Commissioner of Social Security appealing the final administrative decision denying her claim for Social Security Disability and Supplemental Security Income disability benefits for lack of disability. ECF

No. 1. Plaintiff did not file a motion to proceed *in forma pauperis* (IFP). Accordingly, the Court issued an order directing Plaintiff to submit an application to proceed IFP or to pay the full amount of the filing fee by no later than May 12, 2021. ECF No. 5. The Court advised that no further action would be taken on the case until Plaintiff complied with the Order. Id. To this date, Plaintiff has not filed an IFP application and did not pay the fee.

**II. Discussion – Dismissal for Failure to Comply with Court Orders.**

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178

F.3d 1373, 1374 (11th Cir. 1999). The Court cannot proceed when parties fail to comply with the Court's orders or otherwise fail to prosecute their case.

Finally, in its order directing Plaintiff to file the IFP application or pay the fee, the Court warned that failure to comply with court orders would result in a recommendation to dismiss this action. The Court has provided Plaintiff liberal opportunity to comply to no avail. Plaintiff did not file an IFP and did not pay the filing fee. Plaintiff has failed otherwise to prosecute this case and failed to comply with Court orders. Dismissal is warranted.

## III.  Conclusion and Recommendation

It is respectfully RECOMMENDED that Plaintiff's complaint be DISMISSED without prejudice for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1 and for want of prosecution. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be CLOSED.

IN CHAMBERS at Tallahassee, Florida, on May 20, 2021.

/s/ Martin A. Fitzpatrick
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).